Robert Guy OLIVER, Movant,

v.

Noah L. ALLDREDGE, Respondent.

Civ. A. No. 2730.

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 2, 1972.

Robert Guy Oliver, pro se.

John L. Bowers, U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. Oliver is in custody pursuant to the judgment of this Court of December 21, 1966 in United States of America v. Robert Guy Oliver, criminal Action No. 6916, this division, affirmed C.A. 6th (1968), No. 17,775, order of February 12, 1968. He claims the right to be relieved of the order of the board of parole revoking the good time which accrued prior to the revocation on July 13, 1970 of his parole. It is assumed that the respondent is the warden of the United States penal institution where Mr. Oliver is now incarcerated. Mr. Oliver undertakes to invoke the jurisdiction of this Court under several provisions of the United States Code, but the Court treats his claim as being under 28 U.S.C. § 2255.

Mr. Oliver claims that he was released on parole status on March 24, 1969; that his parole was revoked as a result of a hearing on July 13, 1970; and that, as a result of the action of that board in that hearing, some 232 days of regularly accrued good-time was revoked also, and he is being required to serve 947 days of the sentence for which he was sentenced. It is provided that

> A prisoner retaken upon a warrant issued by the Board of Parole shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.
>
> The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.
>
> If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced.

\* \* \*

18 U.S.C. § 4207. " \* \* \* [T]he board was authorized at any time during his term of sentence in its discretion to revoke the order [of probation] and terminate the parole, and to require him to serve the remainder of the sentence originally imposed without any allowance \* \* \* " for good time. *Cf.* Anderson v. Corall (1923), 263 U.S. 193, 197, 44 S.Ct. 43, 45, 68 L.Ed. 247, 254 (headnote 4).

Thus, even assuming that Mr. Oliver may present this question to this Court at this time and in the manner that he has undertaken, the motion and files and records of the case show conclusively that he is entitled to no relief, 28 U.S.C. § 2255, and he hereby is denied all relief. Rule 58, Federal Rules of Civil Procedure.

In the event Mr. Oliver gives timely notice of an appeal from the judgment

herein, he hereby is authorized to proceed on such appeal in forma pauperis without further authorization. Rule 24(a), Federal Rules of Appellate Procedure.